IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Daryl Thomas, ) C. A. No. 2:10-1410-RBH-RSC
)
        Plaintiff, )
)
   -versus- ) **REPORT AND RECOMMENDATION**
)
County of Dorchester, Ray )
Nash as Sheriff for the )
County of Dorchester, Luther )
Carl Knight as Sheriff for )
the County of Dorchester, )
Dorchester County Detention )
Center, )
)
        Defendants. )

This action, alleging a federal civil rights claim by an incarcerated individual as well as a number of state common law claims, was commenced in state court by the plaintiff and was removed to this court by the defendants. Subsequently the plaintiff has moved for an order dismissing his federal claims and allowing him to pursue his state claims in state court. The defendants have responded opposing the motion.

Rule 41(a)(2), Federal Rules of Civil Procedure, provides that, except as provided in 41(a)(1)(A) which is not applicable here, an action may be dismissed at the plaintiff's request only by court order on terms the court considers proper.

Here the plaintiff seeks to dismiss federal claims and litigate state claims in state court. On the other hand, the defendant seeks to force the plaintiff to litigate his federal

claims as well as his state claims in this court. As a practical matter if this court were to dismiss the federal claims on their merits at any time in these proceedings, it customarily would decline jurisdiction over the state claims. Accordingly it makes little sense to force the plaintiff to proceed on claims he wants dismissed. However, if the plaintiff wants to abandon these claims, they should be forfeited with prejudice.

Further, in the event the federal claims are dismissed, the additional claims for relief under state common law theory are ones in which State law will predominate, 28 U.S.C. § 1441(c), and the court should decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the defendant's motion to dismiss all federal claims be granted, that such dismissal be with prejudice, that the court decline to exercise supplemental jurisdiction over the remaining state claims except as far as necessary to order remand, that the remaining state claims be remanded to the state

court from which they were removed, and that this matter be ended in this court.

>Respectfully Submitted,
>
>*Robert S Carr*
>Robert S. Carr
>United States Magistrate Judge

Charleston, South Carolina

June 24, 2010