IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Daryl Thomas, ) | Civil Action No.: 2:10-cv-01410-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| County of Dorchester; Ray Nash, Sheriff ) | |
| for the County of Dorchester; ) | |
| Luther Carl Knight, Sheriff for the County ) | |
| of Dorchestor; Dorchestor County ) | |
| Detention Center; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court with the [Docket Entry 8] Report and Recommendation of United States Magistrate Judge Robert S. Carr filed on June 24, 2010. Defendants filed objections to the Report on July 9, 2010. *See* Obj. [Docket Entry 10]. For the reasons set out below, the court adopts as modified the Magistrate Judge's Report.

**Background**

On March 5, 2010, Plaintiff filed this lawsuit in the Court of Common Pleas for Dorchester County, South Carolina. Plaintiff's Complaint alleges violations of 42 U.S.C. § 1983, as well as violations of the laws of the United States and the State of South Carolina. *See* Compl. [Docket Entry 1-2] at 7-12.

On June 2, 2010, Defendants timely filed their [Docket Entry 1] Notice of Removal, and their [Docket Entry 4] Answer. Defendants asserted that this court had subject matter jurisdiction under 42 U.S.C. § 1983.

Thereafter, on June 21, 2010, Plaintiff filed his Motion to Remand on the grounds that

"Plaintiff ha[d] stipulated to dismissing any Section 1983 claim or any inference of the same and/or any inference or alleged claim involving any federal law." Motion at 1. Defendants opposed the Motion to Remand on June 23, 2010. Resp. in Opp. [Docket Entry 7].

The Magistrate Judge filed his Report on June 24, 2010, in which he recommended that the court should dismiss Plaintiff's federal claims and remand his State claims to State court. Defendants timely objected to the Report.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

In his Report, the Magistrate Judge first construed a portion of Plaintiff's Motion to

Remand as a motion to dismiss all of his federal claims, including those under § 1983. Specifically, the Magistrate Judge stated that "the plaintiff ha[d] moved for an order dismissing his federal claims." Report at 1. Defendants objected to this portion of the Report, arguing that "[t]he Plaintiff ha[d] not moved for a dismissal of his federal claims, nor ha[d] he made a request to this Court that his claims be dismissed." Obj. at 2. The court notes that, in his Motion to Remand, Plaintiff stated that he had "stipulated to dismissing any Section 1983 claim or any inference of the same and/or any inference or alleged claim involving any federal law." Motion at 1. Moreover, Plaintiff did not object to the Magistrate Judge construing his Motion to Remand to include a motion to dismiss his federal claims pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. As a matter of fact, Plaintiff did not file any objections to the Magistrate Judge's Report. Accordingly, the court finds no clear error in the Magistrate Judge construing Plaintiff's Motion to include a motion to dismiss all federal claims. *See Diamond*, 416 F.3d at 315.

After construing Plaintiff's Motion to Remand to include a motion to dismiss, the Magistrate Judge recommended "that the defendant's [sic] motion to dismiss all federal claims be granted, [and] that such dismissal be with prejudice." Report at 2. Plaintiff did not file any objections to this recommendation. Defendants, however, did file objections. Defendants noted that Plaintiff had filed the Motion to Remand, and that Defendants had not filed any motions, and therefore argued that the Magistrate Judge was incorrect in stating that "defendant's motion to dismiss" should be granted. Obj. at 1. While the court agrees with Defendants that the Magistrate Judge incorrectly stated that "defendant's motion to dismiss" should be granted, the court finds that this statement is nothing more than a clerical error. Upon review of the entire

3

Report, it is clear that the Magistrate Judge was referring to "Plaintiff's motion to dismiss" in making this recommendation. The Magistrate Judge had already discussed Plaintiff's request under Rule 41(a)(2) of the Federal Rules of Civil Procedure and noted that Plaintiff's claims should be "forfeited with prejudice." Report at 1-2. Accordingly, notwithstanding the Magistrate Judge's clerical error, the court adopts the recommendation that Plaintiff's motion to dismiss his federal claims pursuant to Rule 41(a)(2)[1] should be granted.[2]

Finally, the Magistrate Judge recommended that the court should "decline to exercise supplemental jurisdiction over the remaining state claims except as far as necessary to order remand, [and] that the remaining state claims [should] be remanded to the state court from which they were removed, and that this matter [should] be ended in this court." Report at 2-3. Defendants' only objection regarding this final recommendation appears to be that this case should not be remanded under the current Complaint. *See* Obj. at 2-3. Defendants contend that "[w]ithout waiting for a Motion to Amend the Complaint, to which the Defendants would consent, this case will proceed under the original Complaint and will only serve to confuse the state court and the issues at hand by referencing federal causes of action that have previously been dismissed." *Id.* The court overrules Defendants' objection. Plaintiff is not required to file an amended complaint in order for this case to be remanded. Rather, as discussed above, this Order grants Plaintiff's motion to dismiss his federal claims. A copy of this Order will be sent to

---

[1] Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, except as provided in Rule 41(a)(1) which is not applicable here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Accordingly, the dismissal of Plaintiff's federal claims shall be *with prejudice*, as recommended by the Magistrate Judge.

[2] In adopting this recommendation, the court notes that, other than Defendants' objection regarding the clerical error discussed above, neither party objected to the Magistrate Judge's ultimate recommendation that Plaintiff's motion to dismiss his federal claims should be granted, and this court finds no clear error as to the recommendation. *See Diamond*, 416 F.3d at 315.

the State court from which this case originated. The court finds that this Order is sufficient to inform the State court that all federal claims and inferences have been dismissed from Plaintiff's Complaint with prejudice. Accordingly, the court finds that this case can be remanded without requiring Plaintiff to file an amended complaint.

Moreover, the court finds that this case should, in fact, be remanded to State court. "Federal courts have [the] *inherent* power to remand removed State claims when the federal claims drop out of the case." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 616 (4th Cir. 2001). Additionally, 28 U.S.C. § 1367(c)(3) authorizes a district court in its discretion to "decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." In doing so, "a court may dismiss the claim or, if it was removed, remand it to State court." *Hinson*, 239 F.3d at 616 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). In deciding whether to remand a case, the court should consider "principles of economy, convenience, fairness, and comity." *Carnegie-Mellon Univ.*, 484 U.S. at 357. The case *sub judice* is in its infancy. Besides Plaintiff's Motion to Remand, no other motions have been filed by either party. Additionally, this Order dismisses with prejudice all of Plaintiff's federal claims, and only claims arising out of South Carolina State law remain. Accordingly, the court declines to exercise supplemental jurisdiction over those remaining State claims, and the court therefore finds that remand of this case is warranted.

## __Conclusion__

The court has thoroughly reviewed the Motion, Report, memoranda, and applicable law. Based on the foregoing, the court hereby overrules Defendants' objections and adopts as

modified and incorporates by reference the Report and Recommendation of the Magistrate Judge.

It is therefore **ORDERED** that Plaintiff's motion to dismiss is **GRANTED** and all of Plaintiff's federal claims are hereby **DISMISSED** *with prejudice*.

**IT IS FURTHER ORDERED** that the court declines to exercise supplemental jurisdiction over Plaintiff's remaining State law claims, and Plaintiff's [Docket Entry 6] Motion to Remand is **GRANTED**. This case is hereby **REMANDED** to the South Carolina Court of Common Pleas for Dorchestor County. A certified copy of this Order of Remand shall be mailed by the Clerk of this court to the Clerk of Court for the Court of Common Pleas, Dorchestor County, South Carolina.

**IT IS SO ORDERED.**

                                    s/R. Bryan Harwell
                                    R. Bryan Harwell
                                    United States District Judge

Florence, South Carolina
September 13, 2010